SANDFORD *v.* HALSEY, 2 Denio, 235, 272.

Not reported in S. Ct. but *Sanford* v. *Handy*, reported 23 Wend. 260, and 25 Wend. 475. In S. Ct., was an action on the same agreement, and presents the reasons of the Supreme Court more fully than the opinion of Nelson C. J. given in 2 Denio, 242–6.

*Agreement ; Liability of a Joint Stock Subscriber.*

COVENANT against subscriber to articles of joint stock purchase of lands.

In this case, the owner of lands, the plaintiff in error, issued proposals for the establishment of a *Joint Stock Company* to purchase them, estimating the value at a certain sum, and dividing it into twenty-three *shares* of $5000 each:— each subscriber to be interested in the purchase to the extent of the number of shares taken by him, and the proper-

ty to be controlled and disposed of by a majority of such persons as should become subscribers. It was held by

The Supreme Court, that a subscriber for one or more shares was not liable for the amount of his subscription, unless the whole number of shares was taken up and could not be compelled to become a *tenant in common* with the owner of the land, unless the whole scheme was carried into effect. On writ of error to this court, it was held by

The Court of Errors, that, as the subscribers were, by the terms of the agreement, to be *severally* interested in the shares set opposite to their *respective* names, and each to pay his share *respectively*, in certain instalments, and to give their notes and bonds therefor; yet, although eighteen only were subscribed for, besides the defendant's one share, that *covenant* might be maintained against the defendant, for an instalment of his subscription, he having refused to give his bond, and that it was not a condition of the agreement, that the whole twenty-three shares should be subscribed for, and that the defendant was liable for the amount of his subscription, notwithstanding only a part was taken up.

Judgment reversed, 15 to 14.